IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BRANDON   ADAMS,              )
                             )
        Plaintiff,           )
                             )        CIVIL ACTION NO.
        v.                    )        2:19cv11-MHT
                             )             (WO)
PATRICE RICHIE, Warden        )
III, et al.,                  )
                             )
        Defendants.          )


BRANDON   ADAMS,              )
                             )
        Plaintiff,           )
                             )        CIVIL ACTION NO.
        v.                    )        2:19cv16-MHT
                             )             (WO)
GWENDOLYN BABERS, Mental      )
Health, et al.,               )
                             )
        Defendants.          )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state inmate, filed these lawsuits claiming that the defendant correctional employees and healthcare providers violated his constitutional rights by housing him in restrictive housing for 62 days despite his

mental-health condition and by denying him adequate mental-health care during that time. These lawsuits are now before the court on the recommendation of the United States Magistrate Judge that the motions to dismiss for failure to exhaust and/or for summary judgment be granted. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted in part and rejected in part. As summary judgment will be granted on all claims, the outcome is the same.

The court rejects the recommendation to the extent it recommends that plaintiff's claims against the correctional defendants be dismissed for failure to exhaust administrative remedies. The only administrative remedy process mentioned in the briefing is that of the defendant private healthcare company, which contracted to provide medical care to inmates in the Alabama Department of Corrections; the Department does not claim to have its own grievance procedure.

2

"Under [42 U.S.C.] § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). "'[W]here the relevant administrative procedure lacks authority to provide any relief,' the inmate has 'nothing to exhaust.'" *Id.*, at 643 (quoting (quoting *Booth v. Churner*, 532 U.S. 731, 736 and n.4 (2001)).

There has been no showing that the private healthcare provider's grievance process has any "authority" to provide relief for prisoners' complaints about the actions of Department of Corrections employees, particularly with regard to their security-related decisions to keep prisoners in restrictive housing. Therefore, the court declines to find that the healthcare provider's grievance procedure was an available remedy as to plaintiff's claims against correctional defendants regarding the length of

3

his stay in restrictive housing.  Whether the private
medical provider's grievance process was available to
exhaust plaintiff's claims for denial of adequate
medical care against the correctional defendants--who
were not responsible for providing healthcare--is not
as straightforward a question and has not been
adequately briefed.  Rather than wade into the issue,
the court simply declines to adopt the recommendation
as to that point and will deny the correctional
defendants' motion to dismiss.

An appropriate judgment will be entered.

DONE, this the 22nd day of February, 2022.

        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

**4**